the fourth district appellate court of the state of illinois has now convened the honorable peter c cavanaugh presiding good morning we will first call 4-22-0414 people the state of illinois versus lamarcus bassett's counsel for the appellant would you please state your name for the record my name is elizabeth boddy from the state appellate defender's office thank you for the appellate counsel david j robinson for the state of illinois with a 7-11 student my name is radamir urovich i'm a 7-11 student for the university of illinois very good thank you counsel you may proceed good morning your honors i represent the marcus bassett on appeal bassett raised two arguments he argued that appellate or trial counsel was um ineffective or he i'm sorry he made his petition made a substantial showing that he was deprived of the effective assistance of trial counsel and he alternatively argued that if this court uh found that he did not make a substantial showing it was because post-conviction counsel provided unreasonable assistance in not sufficiently pleading that allegation and today i would like to focus on that second argument concerning post-conviction counsel's unreasonable representation and not sufficiently pleading his allegation of ineffective assistance of trial counsel bassett filed a pro se petition in 2018 which made four um allegations one of which was that trial counsel failed to investigate his case and in that regard the pro se petition provided that the complainant deontario thompson um had a grudge against bassett he blamed him for the death of one of his friends and so he falsely implicated him in this crime to get back at him that pro se petition advanced to the second stage council was appointed two years later post-commission council filed an amended petition council did not re-raise all the original pro se allegations um he said he was raising only the ones that had merit one of those was trial counsel's failure to investigate this case the amended petition provided that bassett told his trial attorney before trial that the complainant had a grudge against him um and the petition also alleged that trial counsel failed to review evidence failed to review strategy failed to sufficiently meet with did not apprise bassett of the chosen strategy unfortunately the petition did not plead either prong of strickland um it was dismissed for that reason the amended petition didn't even cite strickland or any case for that matter so the petition never explained how council was deficient in terms of this evidence um or strategy it didn't explain how the trial would have been different but for council's deficiencies it didn't even mention the word prejudice um or explain why this grudge evidence was material it didn't even explain the grudge evidence we only know the basis for the grudge from the pro se petition but a appointed council didn't include that information in the amended petition nor did he explain why this grudge evidence was material or how it would have affected the outcome of the trial had the jury heard it the state recognized the decisions excuse me good morning i have a question um with respect to this evidence regarding a grudge um we're essentially talking about trial strategy are we not correct and matters of trial strategy um as far as where trial council strategy is so unsound that we can say that trial council um entirely failed to um do any meaningful testing here or adversarial testing but that really isn't the case here is it we've got 10 motions in limine that were filed by this attorney many of which were granted there was vigorous cross-examination um so how can we say that post-conviction council failed in his or her job if the underlying claim has no merit to it well first um the underlying claim does have merit to it and post-conviction council decided it had merit he interviewed witnesses he went he reviewed the record and he said on the record that he was including only the issues in the amended pc that he believed had merit this was one of them and so we're not talking about oh the defense council cross-examined the witnesses he filed motions in limine that doesn't speak to council's failure to investigate which is the claim he he had a duty once bassett told him about this grudge evidence consul had a duty to investigate it and those allegations that he failed to review it um are unrebutted by the record there's nothing there's nothing speaking to his failure to investigate this grudge evidence council so that allegation isn't rebutted by the record council speaking of trial strategy what about the fear of opening the door as to what this grudge was all about it was not real fair and something the trial council had to take into account with regard to the strategy you know i disagree with that allegation made in the state's brief defense council could have cross-examined the complainant about his relationship with the defendant he could have elicited the evidence that way and if he needed to perfect the impeachment he could have called a witness he didn't necessarily have to call the defendant to to testify to this grudge evidence so he could have elicited the evidence um without opening the door to admitting any prior convictions what what other evidence was there what do you have another do you have a an occurrence witness who well that's another reason why the petition is inadequate because it didn't present the facts to to six to establish either prong of strickling it didn't present enough facts um like i said it didn't even explain the basis for the grudge evidence it didn't explain why it was material and that's why the trial court dismissed it because it didn't plead either prong of prejudice the the state's motion to dismiss uh put the post commission council on defective and post-conviction council did nothing to rectify those defects he didn't file a response um and at the hearing on the motion to dismiss when the state once again said petition fails because you didn't plead prejudice you didn't explain what council could have done differently you didn't even present facts that could establish prejudice again council was silent and said nothing just repeated the vague conclusory incomplete allegations that were contained in the but going back to the the issue the underlying basis for this i mean and justicina pointed out to this there were 10 motions in limine there were they cross-examined on no less than than seven points they addressed it in the closing uh to show the vulnerabilities um as it as it related specifically to the the victim they didn't know the date uh specifically that they were robbed they said 150 versus 50 being taken i mean isn't that when we really get down to it meaningful adversarial testing well first i want to say that when you're looking at whether pc council complied with rule 651c we don't get to the merits of the allegation um a remand for new second stage proceedings with the appointment of new council is automatically required when there's a violation of 651c which occurred here um so it's it's inappropriate for us to speculate or even try to adjudicate the merits when they weren't fully presented the problem is the claim wasn't fully presented not all the facts were presented um and as to his cross-examination of the witnesses and his filing of the motions eliminate sure trial counsel did that but that doesn't speak to his failure to investigate this claim that he cross-examined the witness the inconsistency in terms of how much money the defendant supposedly took or what the gun looked like has nothing to do with whether he was biased against my client that was never addressed and it's because he failed to investigate it once bassett told him that the complainant had a grudge against him he had a duty to investigate it and he didn't did not investigate it and that claim is unreported the fact that he cross-examined the witnesses doesn't rebut the claim that he did not investigate this evidence well what what proof that's a claim what proof do you have he didn't investigate it maybe he investigated it full and well and decided that basically you know the trial strategy that was utilized was sufficient not to potentially open the door or go down another rabbit hole defense counsel decided not to go down i think that's reading into the allegation we know from the allegation um that bassett informed him of this garage evidence bassett's claim set states that he informed on this evidence trial counsel didn't review it trial counsel didn't review the strategy that's unrebutted so we can't read into it and say well yeah maybe he did look into it and just didn't agree with it that's reading into a claim we can't do that at this stage we can't um we have to we have to take the allegations as true because they're not rebutted by the record cross-examining the witness about inconsistencies or filing emotional limity doesn't rebut the claim that this trial attorney didn't investigate this grudge evidence and the grudge evidence would have thrown this case an entirely different light we can't forget this jury was hung um and had it heard that the complainant who on which this case completely hinged um had a reason to lie and to fabricate the allegations and falsely implicate my my client in the in the crime it would this information would have thrown the trial in totally different light so sorry go ahead a couple minutes ago you uh in answering a of the grudge or um bias could come in um through a different witness or in a different way but i i failed to see how any evidence could have come in of that except through the defendant and again that would have opened the door as justice kavanaugh indicated to his prior conviction for a second degree murder i mean anything anyone else would have testified to would have been so that that wouldn't have been allowed well he could have cross-examined the complainant about it he could have asked the complainant about his relationship with the defendant and if he blamed him for the death of his front he could have asked the complainant about it and that would not have been hearsay and maybe other people were privy to this retaliatory motive who could but the problem is the pc the amended petition is is so inadequate that we we can't speculate and we don't know that all the facts because they weren't all presented well i would just suggest that if council took that path he'd be here on ineffective for uh different different reasons for presenting grudge evidence for presenting evidence that the the complainant had a motive to falsely implicate a defendant in a crime i don't know how you're going to do that without opening the door for the state to drive home what the grudge was all about but that it doesn't matter what the grudge was all about um what matters is the claimant was blaming my client for the death of his friend that in itself isn't prejudicial um if anything that that's the evidence that helps the defense because it shows that this complainant had a reason to lie to make up these allegations to get back at my client so the fact that the complainant blamed him um doesn't prejudice the defense it only helps the defense i don't know if you're suggesting that the his prior conviction was this crime against the complainant's friend but there's no evidence of that at all and so as i stated he could have brought that grudge evidence in without my client testifying so his prior conviction would not necessarily have come in um if council pursued this strategy by introducing evidence that the complainant had a grudge against my client had a 651 certificate the filing of that does it not create a presumption that council has complied with the requirements of that rule and in looking at that um along with the suarez case that cited wouldn't you say that suarez is distinguishable because in that case uh there was no filing of any certificate whatsoever so the filing of the 651 certificate creates a presumption that's and the presumption here was rebutted because uh the amended petition did not plead either prong of strickland and was dismissed for that reason suarez is not distinguishable there's nothing in the suarez decision limiting its holding uh to cases where a 651 certificate was not filed in both suarez and the instant case the petitioners are in the same position in suarez the petition was denied the reasonable assistance of council here bassett was denied the reasonable assistance of council and when there's non-compliance with 651 c which occurred in both suarez and the instant case an automatic remand is required and that's what this court held in people versus burns which is cited in the brief an automatic remand was required for new second stage proceedings in that case even though the attorney filed the 651 certificate because the presumption of compliance with 61 c was rebutted by the record so under burns and under suarez um an automatic remand with new second stage proceedings with the appointment of new council is required that is if this court finds that the that bassett failed to make a substantial showing of ineffective assistance of council so if there are no further questions i would request that this court remand the cause for new second stage proceedings with the appointment of new council um if this court does not find that his petition made a substantial showing that he was deprived of the effective assistance of council i see no questions thank you council council for the appellee you may argue may please support council my name is radimir urovich i'm a 7-eleven student from the university of illinois and i'm representing the people of the state of illinois in this case the defendant is arguing that he received ineffective trial counsel because the trial council failed to impeach the victim using the defendant's own prior bad act and as to the reasonable assistance of the post-conviction council the post-conviction council has adhered to rule 651 c the post-conviction council under the supreme court rule is required to examine the record and make amendments necessary to properly present the claim and then certify asked to that the council has done that in this case which is why the merit of this particular underlying claim matters this court has said so in just two weeks ago in the people versus perez that merit is a consideration in this case so as to the merit strictly requires that trial council's performance was deficient and the defendant was prejudiced and this is not the case here the trial council as the defendant's own petition shows has consulted with the defendant on a possible trial strategy and trial council has stated that the state's case is weakest as to the gun element and that shows where this was heading the trial council has specifically excluded any evidence of a prior murder conviction or any reputation evidence of the defendant being a robbing people and killing people and it would it shows that he was clearly looking to exclude any mention of this particular evidence this evidence if he then went around and then asked the victim about this about this possible grudge of the defendant killing his friend the state could very easily then go on redirect and address this issue ask more details about why does he think he killed him friend it could introduce this particular prior murder conviction may i ask a question yes your honor fence council has strategically chosen uh this firearm defense over the bias or grudge defense if he never even investigated it if he never investigated the bias defense well it's just even if this particular bias existed a defense council could very well just assume that everything the defendant is saying is true look at this evidence and then no i do not want to introduce this and then he as we saw the defense council the trial council has went through several issues on the cross-examination and point out all the weaknesses of the victim point out every single inaccuracy of how victim was uncertain what data even took place how much prior or pending charge of the victim and possible bias stemming from that pending charge so he went through cross-examined this and then if we look and step back and say very reasonably the trial council could have at this point concluded i've presented a good case and i do not have to go into this particular angle which would very well introduce the evidence of the prior conviction well but you mentioned there was a motion in lemony granted was there not to exclude that evidence of the prior conviction yes yes there was that motion in lemony granted but if this trial council has then asked the victim about this prior murder and the bias that would open the door and would either be introduced by the trial council himself or on redirect by the prosecution which really speaks to the merit of the claim which is a consideration when looking at the reasonableness of the post-conviction council now the post-conviction council instead of arguing on the specific issue of bias decided to argue on generally that the trial council had no strategy and presenting no adversarial testing this was of course excuse me counsel with regards to post-conviction council though the amended petition i mean there was no proof or or evidence of the earlier altercation with thompson and it was just stated as as a grudge it was it was conclusory if you will um the same as the appellant has noted um you know there was a failure to specify you know what evidence in trial stat strategy that trial council had failed to review and so it seems that there were several omissions in that ground three and that it was very very conclusory in nature and not specific as to what you would necessarily expect from information provided when he states that he has done the necessary investigations and amended the petition how do you address that issue well first the merit of the underlying thing is an important consideration however going beyond that the as we look at the entirety of the post-conviction council's performance he he consulted with the defendant after numerous delays he consulted with the defendant the defendant ended up saying to agreeing to not respond in writing and instead of rely on the hearing in order to present the case and then trial council presented as much as was necessary in this particular situation it was a short portion of the entire brief that he spoke on this particular issue and then concluded that that's as much as he needs to present in order to really display this particular claim but when we look at the reasonableness standard that shows that the post-conviction council was reasonable he presented adequately and he showed really what was the underlying claim which is what that there was no and i apologize there was no adversarial testing by the trial council okay if there's uh no further questions i would i i do oh i do have a question how is um how would a this grudge evidence or bias evidence be inconsistent with the defense uh the firearm defense that thompson really didn't know the difference between uh you know whatever caliber of weapon and so therefore uh perhaps what he saw was a bb gun and therefore it wouldn't have been a firearm how how would those two defenses have been inconsistent well they would be inconsistent as in it would be a damaging thing to introduce it would be distracting to the jury and at the end of the day you do not want to hear the jury that you're here you do not want the jury to hear that your client has previously murdered somebody or at least has the reputation and this is the exact evidence that was excluded by the trial council any victims opinion testimony on the defendant any of the defendant's prior convictions any pending convictions by the defendant and it's uh or pending charges i apologize and it's really it's a when we look at what the what's going on or in the trial council's head during the trial you can say that he could very reasonably said okay this is not going to end up being for the benefit of my client and instead just conclude right there that he presented a good case he showed a lot of inconsistencies in this in this victim's testimony and then let's not prejudice the jury possibly or hurt my client's chances by distracting the jury or just telling them that he has previously previously killed somebody well if there's no uh further questions i would ask this court to affirm the judgment of the circuit court thank you seeing no questions council rebuttal state makes a lot of assumptions and and mischaracterizations first there's no evidence that bassett killed the complainant's friend there's no evidence he murdered that man there's a claim that the complainant thought he did that's different and evidence that the complainant was motivated to lie and to falsely implicate my client in a crime to get back at him for something he thought he did would have significantly impeached his credibility this testimony only he linked him to the crime and so had the jury heard evidence that he had a motive to lie that would have put this case in entirely different light um the state says well defense counsel maybe he got this information and he decided he didn't want to he didn't want the jury to hear that evidence again there's no proof my client killed someone um also that's assuming that's reading into the allegation there's no evidence that defense counsel investigated this that's the whole point that claim is unrebutted which means it's taken as true he didn't investigate this and merit at the when we're arguing if kesey counsel provided unreasonable assistance we don't get to the merit we can't get to the merit because how can we adjudicate a claim on its merits when not all the facts were presented how can we adjudicate a claim on its merits when the claim wasn't properly pled we can't we can't speculate on what the trial court would have done had it been properly pled that's what this court said in burns that's what the supreme court said in turner and in suarez we can't consider the merits when pc counsel doesn't comply with 61c a remand is automatically required for new second stage proceedings um the state tries to excuse counsel's failure to file a motion to dismiss on grounds that well he talked to the defendant about it and the defendant was okay with him not filing it guess what pc counsel's job is to ensure that a defendant's constitutional claims are properly presented it's not the defendant's job to decide well don't file a motion to dismiss it's pc counsel's job that's why we have 651c is to ensure that constitutional claims are properly presented so while pc counsel doesn't have a duty to file a motion to dismiss in this case he had a duty to make sure that his claim of ineffective assistance counsel was properly presented which is either file a motion to file a response to the motion to dismiss or at the hearing correct the defects in the amended petition counsel did neither and that's why the petition was dismissed in the court's written order it specifically said that the amended petition merely stated as a conclusion that counsel was ineffective without explaining how in the context of this case uh that counsel performed efficiently or why uh the deficient performance prejudice the defense in other words he made vague conclusory incomplete allegations without explaining them without tying them together and without properly pleading them under suarez and turner under burns an automatic remand for new second stage proceedings is required when counsel does not comply with 651c as occurred here counsel you indicated and you're continuing to rely on suarez that it applies here but um with all due respect uh there was no 651c certificate filed in suarez so the analysis that i think we need to apply here is different we start out with the presumption do we not because there was a 651c certificate filed so suarez doesn't help us i disagree um in both cases counsel didn't comply with 651c and we have this your decision this court's decision in bronze where a 651c certificate was filed and the relief was an automatic remand for new second stage proceedings without looking at the merits of the claim um because pc council didn't comply with 651c whether a certificate is filed or not filed um doesn't dictate or shouldn't dictate the result in both cases counsel did not comply with 651c so it's illogical to say okay in the in in a case like suarez um where there's no 651c certificate we'll give that we'll give that petitioner an automatic remand in in this case you're still denying the effective assistance counsel but we're not going to give you an automatic remand because counsel filed a 651 certificate that means the certificate is now insulating pc councils from doing their job all they have to do is file the certificate not consult with the client not review the record not properly amend the petition which he's required to do under 651c again 651c exists for a reason to ensure constant constitutional claims are properly presented i see that my time is um has expired so i ask that this court remand the case for new second stage proceedings um if this court finds that facet did not make a substantial showing that he was deprived of the effective assistance trial counsel thank you any further questions from the panel no all right thank you counsel thank you both the court will take this matter on advisement and now stands in recess